## DASHER v. COOPER.

## WAUCHULA CENTRAL PHARMACY, Inc.
### No. 6728.

Circuit Court of Appeals, Fifth Circuit.
March 10, 1933.

Burton G. Henson, of Tampa, Fla., for appellant.

C. Edmund Worth, of Tampa, Fla., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Upon the petition of the trustee for a turnover order, the referee found that, after making full allowance for all merchandise, received by and otherwise accounted for, to the proper officers of the court, there was a balance of merchandise in the hands of appellant as president, manager, and sole custodian of the bankrupt corporation at the time of the bankruptcy unaccounted for, of the value of $19,157.66, "of a class of merchandise shown by the proofs of claims to have been purchased on the credit of the bankrupt corporation, and delivered to it, and of such a class of merchandise as is usually carried and sold in a retail drug store, but which is not capable of more specific description, which specific description is known only to the respondent in the cause."

The turnover order based on this finding followed it literally. It required the appellant to turn over to the trustee $583.69 of merchandise specifically described in the order, and further ordered him to turn over and deliver to the trustee "other goods, wares and merchandise of the bankrupt corporation, purchased and owned by the bankrupt, and withheld from the officers of the court

at the time of the bankruptcy by him, of the value of $19,157.66, said goods, wares and merchandise being of the character of goods, wares and merchandise such as is shown by the proofs of claim in this cause to have been purchased by the bankrupt corporation, and such as is usually carried, sold and offered for sale in drug stores of the character operated by the bankrupt corporation prior to bankruptcy, and being exclusively goods, wares and merchandise purchased by and delivered to the bankrupt corporation and withheld by Dasher from the officers of this court at the time of the bankruptcy."

This appeal is from a decree affirming that order.

Appellee, urging objections to the manner and form of the appeal, moves to dismiss it. None of the grounds urged are fatal to the review. The order complained of represented a "serious step in the bankruptcy proceedings * * * one in which coercive methods * * * are probable and are foreshadowed." Oriel v. Russell, 278 U. S. 363, 364, 49 S. Ct. 173, 174, 73 L. Ed. 419. Whether the order is a valid one presents a question of grave importance, not only to appellant, but in the administration of bankrupt estates. The motion to dismiss the appeal is denied.

█ █ Appellant, claiming that he is a third party and not subject to summary orders, attacks the jurisdiction of the court to make the turnover order against him. He urges against the order that it is void as to the specifically described goods, because not in the alternative for the goods or their money equivalent. He also, and this is his main point, attacks the order as to the undescribed and unidentified merchandise as wholly void for indefiniteness.

We think it quite clear that the court had jurisdiction to proceed summarily against appellant, and that the complaint against the turnover order as to the definitely described goods is without merit. If, as the referee finds, appellant, the president, manager, and sole custodian of the property of the bankrupt, has been "withholding from the officers of the court at the time of adjudication in bankruptcy and at all subsequent times" the goods specifically described in the order, he was subject to the turnover order entered as to those goods. If, when he comes to comply with the order, he can show that the specifically described goods or any part of them are no longer in his possession, since the order is not a penal but an administrative one,

the court has the power, though the turnover order does not so provide, to permit the payment of their money equivalent. That much of the order, therefore, is affirmed.

█ The case stands quite differently, however, as to the vague and incoherent order for the turnover of the unidentified and unidentifiable merchandise "of the cost price value of $19,157.66." This order is void. The jurisdiction here exercised is a civil jurisdiction; it constitutes "a mere step in the proceedings to administer the assets of the bankrupt as provided by law, and in aid of the seizure of those assets and their proper distribution." Oriel v. Russell, 278 U. S. 363, 49 S. Ct. 173, 73 L. Ed. 419. It is not the exercise of a jurisdiction to imprison to compel payment of a debt, or of a criminal jurisdiction to imprison in default of the payment of a fine. The first is prohibited by the Constitution; the second is provided for in the Penal Code. The jurisdiction asserted is based upon the power of courts to compel compliance with specific orders which the person subjected to them is able to comply with. Jurisdiction to make the orders depends upon a specific finding on clear and satisfactory evidence that the respondent can comply with the order because the moneys or goods ordered turned over are in his possession. Such orders must be based upon clear and convincing evidence; they must be couched in definite and comprehensible terms, they must leave no uncertainty as to what is ordered to be done, no doubt whether goods or property tendered in satisfaction of the order are those ordered surrendered. The questioned order violates these requirements. It cannot be complied with. It describes nothing, it identifies nothing. The respondent himself could not safely undertake to comply with it, nor could any officer of the court safely compel him. It has always been the rule in this circuit that such an order is void. Samel v. Dodd (C. C. A.) 142 F. 68; Opinions from other circuits, citing, approving, and adopting the rule, are In re Miller & Harbaugh (C. C. A.) 54 F. (2d) 612; In re Goldman (C. C. A.) 62 F. (2d) 421.

The turnover order, in so far as it directed the turnover of the specifically described merchandise, in the amount of $583.69, is affirmed. In so far as it directed the turnover of unnamed, undescribed, and unidentified articles of merchandise to the extent of $19,157.66, it is reversed, with directions to vacate that part of the order and all proceedings which have been taken under it.